IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SHELIA POWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:20-cv-02856-JTF-atc |
| ) | |
| BAPTIST MEMORIAL HOSPITAL and ) | |
| TARA ETTER, ) | |
| ) | |
| Defendants. ) | |

REPORT AND RECOMMENDATION
TO GRANT PARTIAL MOTION TO DISMISS

Before the Court by order of reference[1] is Defendants Baptist Memorial Hospital ("Baptist") and Tara Etter's Motion to Dismiss Plaintiff's Complaint in Part, filed July 8, 2021 (the "Motion"). (ECF No. 15, 16.) After *pro se* Plaintiff Shelia Powell failed to respond to the Motion by her deadline to do so, the Court entered an Order to Show Cause on August 26, 2021. (ECF No. 27.) Powell filed her response to the Order to Show Cause on September 7, 2021. (ECF No. 30.) Three days later she filed her response to the Motion. (ECF No. 32.) Baptist filed its reply on September 23, 2021. (ECF No. 34.) For the reasons stated below, it is recommended that the Motion be granted in its entirety.

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

**PROPOSED FINDINGS OF FACT**

Powell was Baptist's head nurse from January 5, 1998, through September 21, 2018, the date of her termination. (ECF No. 1, at 1.) Powell alleges that Etter, the manager of the cardiovascular intensive care unit, or CVICU, terminated her for assisting nurses with their re-certifications. (*Id.*) Powell does not dispute that she assisted nurses seeking their re-certifications. Instead, she alleges that Emily Coltharp-Shorter, a CVICU nurse who is white and younger than Powell, similarly assisted nurses seeking re-certifications but, unlike Powell, who is Black, was not terminated for her actions. (*Id.* at 2.)

Powell filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC") on May 13, 2019, alleging racial discrimination based on the foregoing allegations. (ECF No. 1-2.) On August 21, 2020, the EEOC dismissed Powell's claims and issued her a notice of a right to sue. (ECF No. 1-1.) In her complaint, Powell asserts claims for compensatory and punitive damages. (ECF No. 1, at 2–3.) Though her allocation of damages is not entirely clear, she appears to be seeking a total of $1.5 million. (*Id.* at 2.) Though Powell checked only the "Race" box on the complaint form she filed with the EEOC, her complaint briefly references retaliation as well. (*Id.*)

Defendants' Motion seeks a partial dismissal of Powell's claims. Specifically, Defendants assert that Powell's claims against Etter should be dismissed because Etter was Powell's supervisor and, under Title VII, supervisors are not subject to individual liability. (ECF No. 16, at 1, 3–4.) Defendants additionally assert that, to the extent Powell is claiming Baptist retaliated against her, that cause of action must be dismissed because Powell failed to exhaust her administrative remedies as to it. (*Id.* at 1, 4–5.)

Powell's response sets out standards of review applicable to motions to dismiss, as well as the forgiving approach courts can take with *pro se* litigants, especially as to pleading standards. She asks that she "not be h[e]ld to the same stringent standards as that of a schooled attorney." (*Id.* at 1.)[2] The response otherwise repeats the allegations in her complaint and briefly responds to the issues raised in Defendants' Motion, including a suggestion that she "plans to amend the complaint." (*Id.* at 11.)

## PROPOSED CONCLUSIONS OF LAW

### I. Standard of Review for Failure to State a Claim

To determine whether Plaintiff's complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). The court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). Pleadings provide facial plausibility when they present "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679; *see also Twombly*,

---

[2] Powell urged the same in the opening paragraph of her complaint. (ECF No. 1, at 1.)

550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"[A] pleading filed *pro se* is to be liberally construed and held to less stringent standards than a pleading filed by counsel." *Kondaur Cap. Corp. v. Smith*, 802 F. App'x 938, 945 (6th Cir. 2020) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)); s*ee also Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) (finding the less stringent standard applies to *pro se* complaints, "however inartfully pleaded"). Nevertheless, *pro se* litigants "are not exempt from the requirements of the Federal Rules of Civil Procedure." *Wright v. Penguin Random House*, 783 F. App'x 578, 581 (6th Cir. 2019) (citing *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006)); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."); *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot 'create a claim which a plaintiff has not spelled out in his pleading.'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

**II.    Powell Fails to State a Claim Against Etter**

Defendants assert that Powell's claims against Etter must be dismissed because Etter was her supervisor, not her employer, and individuals cannot face liability under Title VII. (ECF No.

4

16, at 3–4.) Plaintiff responds "[t]his is not correct, Tara Etter[] works as a decision maker, it was Etter that fired the Plaintiff on behalf of Defendant Baptist Memorial Hospital." (ECF No. 32, at 11.)

"Title VII provides, in pertinent part, that '[i]t shall be an unlawful employment practice for an employer . . . to discriminate against any individual . . . because of such individual's race, color, religion, sex, or national origin.'" *Jenkins v. Plumbers & Pipefitters Union Loc. No. 614*, 971 F. Supp. 2d 737, 744 (W.D. Tenn. 2013) (quoting 42 U.S.C. § 2000e-2(a)). Title VII limits liability to "employers," as "an individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII." *Tutwiler v. Memphis Light Gas & Water*, No. 21-2011-JTF-tmp, 2021 WL 4185887, at *2 (W.D. Tenn. Jan. 27, 2021), *report and recommendation adopted*, 2021 WL 3821020 (W.D. Tenn. Aug. 26, 2021) (quoting *Colston v. Cleveland Pub. Library*, 522 F. App'x 332, 336 (6th Cir. 2013)). In the Sixth Circuit, "under 42 U.S.C. § 2000e, an 'employer' does not include the 'supervisors,' 'managers,' or 'co-workers' of a plaintiff." *Han v. Univ. of Dayton*, 541 F. App'x 622, 629 (6th Cir. 2013) (citing *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 404 (6th Cir. 1997)). "Indeed, 'the statute as a whole, the legislative history and the case law support the conclusion that Congress did not intend individuals to face liability under the definition of 'employer' it selected for Title VII.'" *Mallory v. Middle Tenn. Mental Health*, No. 2:19-cv-02255-SHL-cgc, 2019 WL 2427958, at *2 (W.D. Tenn. June 10, 2019) (quoting *Wathen*, 115 F.3d at 406). Ultimately, even if an individual defendant plays a supervisory or managerial role in the events giving rise to a complaint, a plaintiff cannot state a claim against her under Title VII. *Sanders v. FedEx Express Corp.*, No. 2:19-cv-02831-TLP-tmp, 2020 WL 1666943, at *1 (W.D. Tenn. Apr. 3, 2020).

Whether Etter can face individual liability for the allegedly discriminatory actions taken against Powell does not hinge on whether she is considered a "decision maker" for Baptist, as Powell contends. Etter, according to Powell, is Baptist's CVICU Manager and its "representative" and was acting "on behalf of" Baptist when she fired Powell. (ECF No. 1, at 1, 2; ECF No. 32, at 10.) Even under the more forgiving standard applicable to pro se pleadings, Powell has failed to plead that Etter is an employer. Because Etter's status as a manager at Baptist precludes her from facing personal liability under Title VII, it is recommended that Defendants' Motion to dismiss the claims against Etter individually be granted.

### III. Powell Fails to State a Claim for Retaliation

Baptist also seeks dismissal of Powell's claim for retaliation, asserting that she has failed to exhaust her administrative remedies as to that claim. Baptist contends that Powell did not check the "retaliation" box or allege retaliation in the particulars section of her charge, and the time has passed to cure that deficiency. (ECF No. 16, at 5.) In her response, Powell simply states "[t]he Plaintiff plans to amend the complaint, and address this claim in detail." (ECF No. 32, at 11.) In its reply, Baptist argues that, to the extent Powell seeks to amend her complaint, that request should be denied not only because the deadline for motions to amend the pleadings has passed, but also because any such amendment would be futile based on Powell's failure to exhaust. (ECF No. 34, at 3.)

The scheduling order in this matter set September 19, 2021, as the deadline to amend the pleadings. (ECF No. 22.) Plaintiff filed her response to the Motion on September 10, 2021. (ECF No. 32.) Therefore, to the extent the Court construes that response as including a motion to amend, the motion was timely filed.

6

The timeliness of Plaintiff's request to amend is not the only issue, however. "[M]otions for leave to amend are reviewed under the deferential standard of Federal Rule of Civil Procedure 15, and the Court 'should freely give leave when justice so requires.'" *Porter v. AAR Aircraft Servs., Inc.*, 316 F.R.D. 691, 692 (W.D. Tenn. 2016) (quoting Fed. R. Civ. P. 15(a)(2)). An exception to this forgiving standard is when a proposed amendment is futile. *Id.* (citing *Pedreira v. Ky. Baptist Homes for Child., Inc.*, 579 F.3d 722, 729 (6th Cir. 2009)); *see also Foman v. Davis*, 371 U.S. 178, 182, (1962). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Berry v. Regions Fin. Corp.*, 507 F. Supp. 3d 972, 977 (W.D. Tenn. 2020), *appeal dismissed*, No. 21-5038, 2021 WL 1511687 (6th Cir. Jan. 29, 2021) (quoting *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010)).

Here, an amendment to add a claim for retaliation would be futile, as Plaintiff cannot change the fact that she failed to assert a retaliation claim in her EEOC charge. That omission means that Powell failed to exhaust her administrative remedies as to retaliation. "To pursue a Title VII action, a plaintiff must file a timely charge of employment discrimination with the EEOC or the appropriate state agency, obtain a right-to-sue letter from the EEOC, and file a timely complaint in federal court." *Townsend v. Rockwell Automation, Inc.*, 852 F. App'x 1011, 1013 (6th Cir. 2021) (citing 42 U.S.C. § 2000e-5(e)(1), (f)). "Only claims that are included in the charge or are 'reasonably related to or grow out of the factual allegations in the EEOC charge' may be heard in federal court," as those are the only claims considered to have been exhausted. *Russ v. Memphis Light Gas & Water Div.*, 720 F. App'x 229, 234 (6th Cir. 2017) (quoting *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361–62 (6th Cir. 2010)); *EEOC v. Dillard Dep't Stores, Inc.*, 768 F. Supp. 1247, 1250 (W.D. Tenn. 1991) ("[T]he filing of a

'charge' is utilized to initiate the administrative processes assigned to the EEOC in that Act and to determine whether the claim is timely made. It also circumscribes the aggrieved party's claim.").

Where, as here, a party does not provide notice in an EEOC charge that she is bringing a claim under a specific theory, such as retaliation, she cannot be said to have exhausted her administrative remedies as to that claim. *Russ*, 720 F. App'x at 234. The Charge of Discrimination form Powell submitted to the EEOC on May 13, 2019, states "I believe I have been discriminated against because of my race (Black) in violation of Title VII of the Civil Rights Act of 1964, as amended." (ECF No. 1-2, at 1.) The box indicating discrimination based on race was checked on the Charge of Discrimination form. (*Id.*) The box for retaliation was not. (*Id.*) In addition, "there is nothing in the narrative portion of the EEOC charge that could be interpreted as claiming retaliation, nor is there any language that would have put the EEOC or the employer on notice that [the plaintiff] was alleging retaliation by [the defendant]." *Younis*, 610 F.3d at 363. Powell's Charge of Discrimination form alleges that Baptist discriminated against her based on her race and nothing more. Though she has exhausted her race-based discrimination claim, the same cannot be said for her retaliation-based claim, no matter how liberally her filings are construed.

Whether Powell asserts she has already pled a claim for retaliation or is seeking leave to amend her complaint to add a claim for retaliation, her failure to exhaust her retaliation claim with the EEOC is fatal to that claim. It is therefore recommended that Powell's retaliation claim be dismissed.

8

**RECOMMENDATION**

For the foregoing reasons, this Court recommends that Defendants' partial motion to dismiss be granted in its entirety.

Respectfully submitted this 13th day of January, 2022.

                                                s/Annie T. Christoff
                                                ANNIE T. CHRISTOFF
                                                UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2).  Failure to file objections within fourteen (14) days may constitute waiver of objections, exceptions, and further appeal.